## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **IN RE: JAMIE LEE HOUSE AND** <br> **DOMITA TAWNEE HOUSE** | **NO. 16-51076-KMS** |
| **U.S. BANK, N.A., AS TRUSTEE FOR** <br> **MID-STATE TRUST XI BY DITECH** <br> **FINANCIAL LLC, AS SERVICER** <br> **WITH DELEGATED AUTHORITY** | **MOVANT** |
| **VS.** | |
| **JAMIE LEE HOUSE AND DOMITA TAWNEE** <br> **HOUSE, DEBTORS, AND J.C. BELL, TRUSTEE** | **RESPONDENTS** |

### MOTION TO ABANDON COLLATERAL AND LIFT STAY

U.S. Bank, N.A., as trustee for Mid-State Trust XI by Ditech Financial LLC, as servicer with delegated authority ("Ditech") brings this motion to abandon collateral and lift and terminate the automatic stay of 11 U.S.C. § 362.

1. The Debtors are indebted to Ditech under a Promissory Note, a copy of which is attached as Exhibit "A".

2. As collateral for the indebtedness due, the Debtors pledged to Ditech certain real property and improvements located at 1757 County Road 16, Louin, Mississippi 39338 as evidenced by the deed of trust attached as Exhibit "B".

3. The Debtors have defaulted on the direct payments due to Ditech. Ditech asserts all rights provided by the terms of its Note and Deed of Trust including but not limited to foreclosure of the mortgage and sale of the real property located at 1757 County Road 16, Louin, Mississippi 39338.

2

WHEREFORE, PREMISES CONSIDERED, U.S. Bank, N.A., as trustee for Mid-State Trust XI by Ditech Financial LLC, as servicer with delegated authority, requests that this Court abandon its collateral and lift and terminate the automatic stay of 11 U.S.C. § 362 and grant such other relief as is necessary under the circumstances.

DATED:  September 30, 2016.

        **U.S. BANK, N.A., AS TRUSTEE FOR
        MID-STATE TRUST XI BY DITECH
        FINANCIAL LLC, AS SERVICER
        WITH DELEGATED AUTHORITY**

By:  /s/ Jeff Rawlings
      Its Attorney

## CERTIFICATE OF SERVICE

I served a copy of the foregoing motion on September 30, 2016 by mail to Jamie Lee House and Domita Tawnee House, 1757 County Road 16, Louin, Mississippi 39338 and via the ECF notification service to J.C. Bell, John Gadow and the Office of the U.S. Trustee.

        /s/ Jeff Rawlings
        Jeff D. Rawlings

Jeff D. Rawlings
Rawlings & MacInnis, P.A.
P.O. Box 1789
Madison, MS 39130-1789
601-898-1180
jeff@rawlingsmacinnis.net
MSB # 4642

Exhibit A

MARY WILSON

## MISSISSIPPI PROMISSORY NOTE -- WALTER MORTGAGE COMPANY, LLC.

$ 100,612.80                                             December 03, 2010

For value received, I, we, or either of us, promise to pay to the order of WALTER MORTGAGE COMPANY, LLC., at the office of said payee, P.O. Box 31601, Tampa, Florida 33631-3601, or at such other place as the holder hereof may designate in writing, the sum of One Hundred Thousand Six Hundred Twelve and 80 / 100 Dollars ($ 100,612.80 ) in 240 equal monthly installments of Four Hundred Nineteen and 22 / 100 Dollars ($ 419.22 ) each, the first installment to become due and payable on the 5th day of the month following the 45th day after Release of the House to Buyer and one installment to become due and payable on the 5 th day of each succeeding month until payment in full.

It is agreed that time is of the essence of this note and that in the event of default in payment of any installment for a period of thirty (30) days, the holder of this note may, at its option, after first deducting therefrom all precomputed but unearned Finance Charges, declare all of the remainder of said debt due and payable and any failure to exercise said option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default or defaults.

In the event of such acceleration, the undersigned shall receive a credit for any unearned Finance Charge. Unless prohibited by applicable state law, such credit shall be computed pursuant to the Actuarial Method. In the event of default in payment of this note and if the same is placed in the hands of an attorney for collection, I, we, or either of us, agree to pay all costs of such collection, including, but not limited to, a reasonable attorney's fee for the services of counsel employed after maturity or default to collect this note or any portion of the indebtedness herein described.

For each installment not paid in full within fifteen (15) days of its scheduled due date, the undersigned shall pay to the holder of this note a late charge of $5.00 or 4% of the unpaid portion of the installment in default, whichever is greater.

I, we, and each of us, whether principal, surety, guarantor, endorser or other party hereto, agree to be jointly and severally bound. I, or we, each further waive demand, protest and notice of demand, protest, and non-payment and waive all claim to any exemption of personal property or homestead under the constitution or laws of any state on this debt.

The undersigned may pay in advance the unpaid balance hereof and shall be entitled to receive a credit for the unearned Finance Charge. Unless prohibited by applicable state law, such credit shall be computed pursuant to the Actuarial Method.

**NOTICE**
ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

Witness my/our signature on the day and date hereinabove written.

This note may not be changed orally, but only by agreement in writing signed by the party against whom enforcement by waiver, change, modification or discharge is sought.

Jamie L House

Domita T. House

# ALLONGE



Account Name: Jamie L. House and Domita T. House

Pay to the order of Mid-State Trust XI, by and through Wilmington Trust Company, not in its individual capacity, but solely as Trustee for Mid-State Trust XI without recourse.

Walter Mortgage Company, LLC

_____
Vice President

Pay to the order of US Bank NA, successor in interest to Wachovia Bank NA, successor by merger to First Union National Bank
without recourse.

Mid-State Trust XI
By: Wilmington Trust Company,, not in its
individual capacity, but solely as Trustee
of Mid-State Trust XI
By: Walter Mortgage Company, its Attorney-in-Fact

_____
Vice President



**Exhibit B**

Chancery Clerk
Jasper County, Mississippi
Second Judicial District - Bay Springs
I certify this instrument filed/recorded
JANUARY 6 2011 11:29:57AM
Instrument 21100034 Page 1 of 4
Witness my hand and seal
Barbara Downs Ravenhorst

Branch Laurel          No. Mos 240
              December 03, 2010

Prepared by and After Recording Return
To: Jeanetta M. Brown, Esquire
   c/o Walter Mortgage Company, LLC.
   Title Department
   P.O. Box 31601
   Tampa, FL 33631-3601

Indexing Instructions:
Quarter Section: SE 1/4 of the SW 1/4
Section: 30
Township: 3N
Range: County: 11E  Jasper
or
Lot No:
Subdivision:
Map/Plat:

Mary Wilson

**DEED OF TRUST — MISSISSIPPI — WALTER MORTGAGE COMPANY, LLC.**

Whereas, Jamie L House, Married & Domita T. House, Married
hereinafter called Grantor, being justly indebted to WALTER MORTGAGE COMPANY, LLC, a limited liability company organized and existing under the laws of the State of Delaware and qualified to do business in the State of Mississippi, and having a place of business at 4568 Highway 15 North, Laurel, MS. 39440                Mississippi,
hereinafter called Beneficiary, in the sum of One Hundred Thousand Six Hundred Twelve and 80 / 100
Dollars ($100,612.80           ) as evidenced by one certain promissory note of even date herewith made by the Grantor to the Beneficiary and payable in monthly installments of $ 419.22             , the first of said installments being due and payable on the 5th day of the month following the 45th day after Release of the House to Buyer and a like installment on the 5 th day of each and every month thereafter, until the entire sum has been paid in full.

   WHEREAS, the Grantor is desirous of securing the payment of said indebtedness at the maturity thereof and renewals thereof in whole, or in part, and also any further and future advances to be made to the Grantor by the Beneficiary as well as any other indebtedness which may be due or become due to the Beneficiary by the Grantor in this deed of trust;

   NOW, THEREFORE, in consideration of Five Dollars to him in hand paid by    W. Stewart Robison
hereinafter called Trustee, together with any successor trustee, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Grantor does hereby grant, bargain, sell, convey and warrant unto    W. Stewart Robison
Trustee, for the benefit of Beneficiary, all the real estate in the County of Jasper              , State of Mississippi, described as follows:

   This is a Purchase Money Deed of Trust

   Please See Legal Description attached hereto.

   TOGETHER WITH all and singular the ways, easements, riparian and other rights, and all tenements, hereditaments and appurtenances thereunto belonging or in anyway appertaining, and all buildings, structures and other improvements now on said land or that hereafter may be erected or placed thereon, and all fixtures attached thereto and all rents, income, issues and profits accruing and to accrue therefrom.

   The Grantor hereby covenants with the Trustee that the Grantor is lawfully seized of the fee simple title to the above described property and has full power and authority to grant, bargain, sell and convey and warrant the same to the Trustee; that said property is free and discharged from all liens, encumbrances and claims of every kind, including taxes and assessments; that said Grantor will make such further assurances to perfect the fee simple title to said property in the Trustee as may be reasonably required.

   It is understood and agreed that this conveyance is made subject to and that the parties hereto have agreed on and are bound by and will observe and fulfill the following covenants, stipulations and conditions as obligatory upon the respective parties:

   First: In addition to the aforesaid indebtedness, any and all extensions or renewals of the same or any part thereof, and any and all further or future advances, loans and extensions of credit by the Beneficiary herein, or the holder or holders of the indebtedness above described, to the Grantor are intended to be secured and are secured by this instrument.              Initials

WM 421 Resale (Rev.8/09)   Page 1 of 3          1 Original - Home Office/1 Original - Customer

Second: The Grantor shall pay the indebtedness recited in and evidenced by said note and any extensions or renewals thereof, and all other indebtedness or liability however created or evidenced; pay all taxes, assessments, levies, liens and encumbrances of every kind and nature on said property and upon this deed of trust and note and the monies secured hereby promptly when due and before delinquency thereof; pay all costs and expenses incurred or paid by the Beneficiary in collecting the indebtedness hereby secured or in enforcing or protecting the rights and security of Beneficiary hereunder, including a reasonable attorney's fee if placed in the hands of an attorney, whether collected by foreclosure or otherwise; and keep all buildings and structures now or hereafter erected upon the said premises constantly insured in an amount equal to the lesser of the actual cash value of the house now or hereafter erected on said premises or the indebtedness secured by this deed of trust on said house against all loss or damage by fire, windstorm or tornado, and extended coverage, as may be required by the Beneficiary, and in a company or companies acceptable to said Beneficiary. All of said policies and renewals thereof shall contain standard mortgage clauses with or without full contribution as Beneficiary shall require, and in such form as shall be satisfactory to the Beneficiary by which any loss or damage under said policies shall be payable to Beneficiary as its interest may appear.

Third: The Grantor further covenants to keep said property and the buildings now located thereon or hereafter to be erected thereon in good repair and to permit, commit or suffer no waste, impairment or deterioration thereof, and to comply strictly with all laws and governmental regulations affecting said property or its operation.

Fourth: It is distinctly understood and agreed that a default for thirty (30) days in the payment of any sums of money to be paid hereunder by the Grantor or in the performance of any of the agreements contained herein on the Grantor's part to be performed shall cause the entire indebtedness to fall due and payable at the option of said Beneficiary, after first deducting therefrom all precomputed but unearned finance charges, and shall fully empower the said Beneficiary to have the Trustee, or any successor in said Trust herein, to execute his trust, and said Beneficiary shall not be required to declare such acceleration in writing or give notice of it.

Fifth: All monies expended by the Beneficiary for the making of any and all needed repairs and improvements, payment of taxes, assessments, liens, judgments, and insurance premiums, and all necessary expenses incurred by said Beneficiary in connection therewith, including any expense incurred in defending the title of the Grantor to this real estate, where necessary for the protection of the said Beneficiary's interests, or in defending this deed of trust as a valid first lien on the real estate described or intended to be described herein, where necessary, or in seeking to have the deed of trust reformed by judicial proceedings, where necessary because of mistake in this act, or in causing this Trust to be executed, shall constitute a part of the debt secured by this deed of trust, which amount shall bear interest from the date so advanced until paid at the rate of ten percent (10%) per annum and shall become immediately due and payable to said Beneficiary. The Grantor agrees to pay all necessary and usual charges incident to the consummation of this obligation, and likewise the usual and necessary costs incident to the cancellation upon the record or records of this deed of trust after the obligation has been repaid in full.

Sixth: In case the Grantor shall abandon the property conveyed hereby or become insolvent, or apply to a bankruptcy court to be adjudicated a voluntary bankrupt, or proceedings be instituted to put Grantor in involuntary bankruptcy, or should any proceedings be taken against the Grantor, looking to the appointment of a receiver, assignee, or Trustee, then, and in either or any such case, all rents becoming due and payable to the Beneficiary herein, to be applied on the indebtedness secured hereby, and the whole indebtedness hereby secured, may at the option of the Beneficiary, be declared due and payable.

Seventh: If the property conveyed herein should be situated in two or more counties or in two judicial districts of the same county, then the Trustee shall have full power, in case the Trustee is directed to foreclose under this instrument, to select in which county or judicial district the sale of all of the above property shall be made, and the Trustee's selection shall be binding upon the Grantor and the Beneficiary and all persons claiming through or under them, whether by contract or by law. The Trustee shall have full power to conduct any sale hereunder through an agent duly appointed by the Trustee for that purpose, but said appointment of agent need not be recorded.

Eighth: The Grantor waives the provisions of Section 89-1-55 of the Mississippi Code of 1972, and laws amendatory thereof, if any, as far as said Section restricts the right of the Trustee to offer at sale more than one hundred and sixty (160) acres at a time, and the Trustee may offer the property herein conveyed as a whole, regardless of the manner in which it may be described. The Grantor also waives the provisions of Section 89-1-59 of the Mississippi Code of 1972, and laws amendatory hereof.

Ninth: In case of the sale of the said property hereunder, the Beneficiary shall have the same right to purchase at such sale as if a stranger to this instrument.

However, this conveyance is in trust. Should the Grantor pay said indebtedness thereon at maturity, and any renewal thereof, and also all further and future advances to Grantor by the Beneficiary, as well as any other indebtedness due or which may become due the Beneficiary, by the Grantor, and comply with all the terms, agreements and conditions of this instrument, then this conveyance shall be void, otherwise, at the request of said Beneficiary, or any legal holder of said indebtedness, or any part thereof, the Trustee herein named, or any succeeding Trustee, shall sell said property, or a sufficient portion thereof to satisfy the indebtedness of every kind, hereby secured then unpaid after advertising the time, place and terms of sale at least once a week for three (3) consecutive weeks preceding the date of such sale in some newspaper published in the county in which the land is located or if no newspaper is printed in such county, then in a newspaper of general circulation therein, and by posting one notice of such sale at the courthouse where such sale is to be held.

The Trustee's authority to sell shall not be exhausted upon making one sale, but Trustee may make as many sales under this deed of trust as may be deemed advisable by the Trustee herein named, or any succeeding Trustee. Out of the proceeds arising from such sale or sales, the cost and expense of executing this Trust, including a reasonable attorney's fee, shall first be paid, next the amount of said indebtedness secured thereby then remaining unpaid, including the indebtedness herein described, and any further advance or advances and any amount expended on said property by the Beneficiary or Beneficiary's assigns, under the terms of this deed of trust, and all interest, and lastly, any balance of said remaining shall be paid to the Grantor.

The Beneficiary, or any subsequent holder of said indebtedness, or any part thereof is hereby authorized to appoint another Trustee in place and stead of and as successor to the Trustee herein named, or his successor or successors; such power of appointment may be exercised as often as the Beneficiary or holder of said indebtedness may desire, and shall continue as long as any part of the indebtedness hereby secured remains unpaid and such appointee shall have the same authority, title and powers as the Trustee herein named, and his acts shall have all the validity of the acts of the original Trustee.

Tenth: The Grantor further covenants and agrees that in the event the Grantor should file a petition for relief under the Bankruptcy Code and seek to pay any amount which is past due under this deed of trust as of the date of the filing of the petition through a Chapter 11, 12 or 13 plan, or any other plan under applicable insolvency or receivership laws, the Grantor will pay the Beneficiary interest on the total amount past due at a rate of ten percent (10%) per annum. Interest will be calculated on the total amount past due

JLH  DTH
Initials

Instrument 21100034 Page 2 of 4

as of the date of the filing of the bankruptcy petition, including principal and past due interest and late charges, if any, and interest at the aforesaid rate will continue to be due and payable for the entire time required to pay the total amount past due through the bankruptcy plan.

Eleventh: If an event of default as set forth above and otherwise herein shall have occured, Beneficiary may, in addition to and not in abrogation of any other rights contained herein, proceed by suit or suits in law or equity or by any other appropriate proceeding or remedy to pursue any other remedy available to it, as Beneficiary in its sole discretion shall elect. A failure on the part of Beneficiary to exercise an option herein contained shall not constitute a waiver in the event of any subsequent default.

It is covenanted and agreed that the terms "Grantor" and "Beneficiary" and "Trustee" for convenience herein employed, and any pronouns used in connection therewith, shall be construed to include the plural as well as the singular number, and the masculine, feminine and neuter gender, whenever and wherever the context so admits or requires; and that all covenants and obligations of the respective parties hereto shall extend to and be obligatory upon their heirs, legal representatives, successors and assigns.

WITNESS the signature of the Grantor this __3rd__ day of __December__, 20_10_.

_Jamie L House_ (signature)
Jamie L House

_Domita T. House_ (signature)
Domita T. House

**ACKNOWLEDGMENT**

STATE OF MISSISSIPPI
COUNTY OF _____

Personally appeared before me, the undersigned authority in and for said county and state, on this __3rd__ day of __December__, 20_10_, within my jurisdiction, the within named __Jamie L. House & Domita T. House__, who acknowledged that (he) (she) (they) executed the above and foregoing instrument.

_____
Notary Public

My Commission Expires:

__Jan. 13, 2013__

(Affix official seal, if applicable)

[Notary Seal: STATE OF MISSISSIPPI, BRANDON BOONE, ID # 92039, Commission Expires Jan. 13, 2013, FORREST COUNTY]

Exhibit 1

Commence at an iron pin marking the SE/C of the SE ¼ of the SW ¼ of Section 30; thence run West 54.84 feet; thence run North 313.58 feet to a rebar on the North right-of-way of CR 168 marking the Point of Beginning; thence run along said right-of-way of CR 168 South 78 Degrees 44 Minutes 30 Seconds West 19.59 feet to a rebar; thence run along said right-of-way of CR 168 South 89 Degrees 10 Minutes 21 Seconds West 169.79 feet to a rebar on the North right-of-way of CR 16; thence run along said right-of-way of CR 16 North 77 Degrees 00 Minutes 55 Seconds West 159.95 feet to a rebar; thence run North 06 Degrees 20 Minutes 19 Seconds West 274.41 feet to a rebar; thence run East 314.65 feet to a rebar; thence run South 285.79 feet back to the Point of Beginning, containing 2 acres, more or less.

INDEXING INSTRUCTIONS: SE ¼ of the SW ¼ of Section 30, T3N, R11E, Second Judicial District, Jasper County, Mississippi.

(X) _Jamie L House_

(Y) _Donketa P. House_

# Delaware

PAGE 1

## The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF MERGER, WHICH MERGES:

"WALTER MORTGAGE COMPANY, LLC", A DELAWARE LIMITED LIABILITY COMPANY,

WITH AND INTO "GREEN TREE SERVICING LLC" UNDER THE NAME OF "GREEN TREE SERVICING LLC", A LIMITED LIABILITY COMPANY ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF DELAWARE, AS RECEIVED AND FILED IN THIS OFFICE THE NINETEENTH DAY OF DECEMBER, A.D. 2011, AT 2:15 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE EFFECTIVE DATE OF THE AFORESAID CERTIFICATE OF MERGER IS THE FIRST DAY OF JANUARY, A.D. 2012.

Jeffrey W. Bullock, Secretary of State

AUTHENTICATION: 9248017

DATE: 12-21-11

2458190 8100M

111309170

You may verify this certificate online at corp.delaware.gov/authver.shtml

State of Delaware
Secretary of State
Division of Corporations
Delivered 02:47 PM 12/19/2011
FILED 02:15 PM 12/19/2011
SRV 111309170 - 2456190 FILE

## STATE OF DELAWARE
## CERTIFICATE OF MERGER OF
## DOMESTIC LIMITED LIABILITY COMPANIES

Pursuant to Title 6, Section 18-209 of the Delaware Limited Liability Act, the undersigned limited liability company executed the following Certificate of Merger:

**FIRST:** The name of the surviving limited liability company is Green Tree Servicing LLC and the name of the limited liability company being merged into this surviving limited liability company is Walter Mortgage Company, LLC.

**SECOND:** The Agreement of Merger has been approved, adopted, certified, executed and acknowledged by each of the constituent limited liability companies.

**THIRD:** The name of the surviving limited liability company is Green Tree Servicing LLC.

**FOURTH:** The merger is to become effective on 01/01/2012.

**FIFTH:** The Agreement of Merger is on file at 345 St. Peter Street, St. Paul, MN 55102 the place of business of the surviving limited liability company.

**SIXTH:** A copy of the Agreement of Merger will be furnished by the surviving limited liability company on request, without cost, to any member of the constituent limited liability companies.

**IN WITNESS WHEREOF,** said surviving limited liability company has caused this certificate to be signed by an authorized person, the 16th day of December, A.D., 2011.

By: _____
Authorized Person

Name: Jeanette M. Brown
Print or Type

Title: Secretary

When Recorded Return To:
Green Tree Servicing LLC
Attn: Document Custody, T326
7360 South Kyrene Rd
Tempe, AZ 85283

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
2014-0027669 01/14/14 03:18 PM
PAPER RECORDING

0038168-9-7-2
Hoyp

# LIMITED POWER OF ATTORNEY

| TO | GREEN TREE SERVICING LLC |
|---|---|
| FROM | U. S. BANK NATIONAL ASSOCIATION |
| DEAL | Numerous Deals – See Schedule A in POA |
| TRANSFER DATE | Numerous Transfer Dates |
| TRUST | Numerous Trusts - See Schedule A in POA |
| ISSUE DATE | 12/20/13 |
| EXPIRATION DATE | N/A |

Document drafted by and
RECORDING REQUESTED BY:
GreenTree Servicing LLC
7360 South Kyrene Rd
Tempe, AZ 85283

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## LIMITED POWER OF ATTORNEY

The trusts identified on the attached Schedule A (the "Trusts"), by and through U.S. Bank National Association, a national banking association organized and existing under the laws of the United States and having an office at 60 Livingston Avenue, EP-MN-WS3D, St. Paul, MN 55107, not in its individual capacity but solely as Trustee ("Trustee"), hereby constitutes and appoints GreenTree Servicing LLC("Servicer") and in its name, aforesaid Attorney-In-Fact, by and through any officer appointed by the Board of Directors of Servicer, to execute and acknowledge in writing or by facsimile stamp all documents customarily and reasonably necessary and appropriate for the tasks described in the items (1) through (10) below; provided however, that the documents described below may only be executed and delivered by such Attorneys-In-Fact if such documents are required or permitted under the terms of the related servicing agreements and no power is granted hereunder to take any action that would be adverse to the interests of U.S. Bank National Association. This Limited Power of Attorney is being issued in connection with Servicer's responsibilities to service certain mortgage loans and credit sale transactions (hereinafter the "Loans") held by the Trustee. These Loans are secured by collateral comprised of Mortgages, Deeds of Trust, Deeds to Secure Debt and other forms of Security instruments (collectively the "Security Instruments") encumbering any and all real and personal property delineated therein (the "Property") and the Notes secured thereby. Please refer to **Schedule A** attached hereto.

1. Demand, sue for, recover, collect and receive each and every sum of money, debt, account and interest (which now is, or hereafter shall become due and payable) belonging to or claimed by the Trustee, and to use or take any lawful means for recovery by legal process or otherwise, including but not limited to the substitution of trustee serving under a Deed of Trust, the preparation and issuance of statements of breach, notices of default, and/or notices of sale, accepting deeds in lieu of foreclosure, evicting (to the extent allowed by federal, state or local laws) foreclosing on the properties under the Security Instruments by judicial or non-judicial foreclosure, actions for temporary restraining orders, injunctions, appointments of receiver, suits for waste, fraud and any and all other tort, contractual or verifications in support thereof, as may be necessary or advisable in any bankruptcy action, state or federal suit or any other action.

2. Execute and/or file such documents and take such other action as is proper and necessary to defend the Trustee in litigation and to resolve any litigation where the Servicer has an obligation to defend the Trustee, including but not limited to dismissal, termination, cancellation, rescission and settlement.

3. Transact business of any kind regarding the Loans, as the Trustee's act and deed, to contract for, purchase, receive and take possession and evidence of title in and to the Property and/or to secure payment of a promissory note or performance of any obligation or agreement relating thereto.

4. Execute, complete, indorse or file bonds, notes, mortgages, deeds of trust and other contracts, agreements and instruments regarding the Borrowers and/or the Property, including but not limited to the execution of estoppel certificates, financing statements, continuation statements, releases, satisfactions, assignments, loan modification agreements, payment plans, waivers, consents, amendments, forbearance agreements, loan assumption agreements, subordination agreements, property adjustment agreements, management agreements, listing agreements, purchase and sale agreements and other instruments pertaining to mortgages or deeds of trust, and execution of deeds and associated instruments, if any, conveying the Property, in the interest of the Trustee.

5. Endorse on behalf of the undersigned all checks, drafts and/or other negotiable instruments made payable to the undersigned.

6. Execute any document or perform any act in connection with the administration of any PMI policy or LPMI policy, hazard or other insurance claim relative to the Loans or related Property.

7. Execute any document or perform any act described in items (3), (4), and (5) in connection with the termination of any Trust as necessary to transfer ownership of the affected Loans to the entity (or its designee or assignee) possessing the right to obtain ownership of the Loans.

8. Subordinate the lien of a mortgage, deed of trust, or deed to secure debt (i) for the purpose of refinancing Loans, where applicable, or (ii) to an easement in favor of a public utility company or a government agency or unit with powers of eminent domain, including but not limited to the execution of partial satisfactions and releases and partial reconveyances reasonably required for such purpose, and the execution or requests to the trustees to accomplish the same.

9. Convey the Property to the mortgage insurer, or close the title to the Property to be acquired as real estate owned, or convey title to real estate owned property ("REO Property").

10. Execute and deliver the following documentation with respect to the sale of REO Property acquired through a foreclosure or deed-in-lieu of foreclosure, including, without limitation: listing agreements; purchase and sale agreements; grant / limited or special warranty / quit claim deeds or any other deed, but not general warranty deeds, causing the transfer of title of the property to a party contracted to purchase same; escrow instructions; and any and all documents necessary to effect the transfer of REO Property.

Servicer hereby agrees to indemnify and hold the Trustee, and its directors, officers, employees and agents harmless from and against any and all liabilities, obligations, losses, damages, penalties, actions, judgments, suits, costs, expenses or disbursements of any kind or nature whatsoever incurred by reason or result of the exercise by the Servicer of the powers specifically granted to it under the related servicing agreements. The foregoing indemnity shall survive the termination of this Limited Power of Attorney and the related servicing agreements or the earlier resignation or removal of the Trustee under the related servicing agreements listed on Schedule A, attached.

Witness my hand and seal this 20th day of December, 2013.

**NO CORPORATE SEAL**

On Behalf of the Trusts, by
U.S. Bank National Association, as Trustee

Witness: Paul Gobin

By: _____
Amy B. Byrnes, Senior Vice President

Witness: Beth A. Nally

By: _____
Julie A. Kirby, Vice President

Attest: Jodi L. Scully, Trust Officer

**CORPORATE ACKNOWLEDGMENT**

Commonwealth of Massachusetts

County of Suffolk

On this 20th day of December, 2013, before me, the undersigned, a Notary Public in and for said County and State, personally appeared Amy B. Byrnes, Julie A. Kirby and Jodi L. Scully, personally known to me (or proved to me on the basis of satisfactory evidence) to be the persons who executed the within instrument as Senior Vice President, Vice President and Trust Officer, respectively of U.S. Bank National Association, as Trustee. a national banking association, and acknowledged to me that such national banking association executed the within instrument pursuant to its by-laws or a resolution of its Board of Directors.

WITNESS my hand and official seal.

Signature: _____
Piyusha P. Shirname

My commission expires: 7/11/2014

[Notary Seal: PIYUSHA SHIRNAME, MY COMM. EXPIRES JULY 11, 2014, COMMONWEALTH OF MASSACHUSETTS, NOTARY PUBLIC]

## Schedule A

**U.S. Bank National Association, as Trustee, for:**

    Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1997-7
    Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1997-8
    Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1998-1
    Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1998-2
    Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1998-3
    Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1998-4
    Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1998-5
    Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1998-6
    Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1998-7
    Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1998-8
    Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1999-1
    Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1999-2
    Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1999-3
    Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1999-4
    Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1999-5
    Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1999-6
    Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 2000-1
    Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 2000-2
    Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 2000-3
    Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 2000-4
    Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 2000-5
    Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 2000-6
    Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 2001-1
    Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 2001-2
    Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 2001-3
    Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 2001-4
    Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 2002-1
    Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 2002-2

Conseco Finance Home Equity Loan Trust 2002-A
Conseco Finance Home Equity Loan Trust 2002-B
Conseco Finance Home Equity Loan Trust 2002-C

Green Tree 2008-REC1
Green Tree 2008-HE1

**U.S. Bank National Association, as Trustee, for:** (continued)

SERVERTIS FUND I TRUST 2008-1 CERTIFICATES, SERIES 2008-1
SERVERTIS REO PASS-THROUGH TRUST I
SERVERTIS FUND I TRUST 2009-1 GRANTOR TRUST CERTIFICATES, SERIES 2009-1
SERVERTIS FUND I TRUST 2009-2 GRANTOR TRUST CERTIFICATES, SERIES 2009-2
SERVERTIS FUND I TRUST 2010-1 GRANTOR TRUST CERTIFICATES, SERIES 2010-1
SERVERTIS FUND I TRUST 2010-2 GRANTOR TRUST CERTIFICATES, SERIES 2010-2
SERVERTIS FUND I TRUST 2010-3 GRANTOR TRUST CERTIFICATES, SERIES 2010-3
SERVERTIS FUND I TRUST 2011-1 GRANTOR TRUST CERTIFICATES, SERIES 2011-1
SERVERTIS FUND I TRUST 2011-2 GRANTOR TRUST CERTIFICATES, SERIES 2011-2
SERVERTIS FUND I TRUST 2011-3 GRANTOR TRUST CERTIFICATES, SERIES 2011-3
SERVERTIS FUND I TRUST 2012-1 GRANTOR TRUST CERTIFICATES, SERIES 2012-1
SERVERTIS FUND I TRUST 2012-2 GRANTOR TRUST CERTIFICATES, SERIES 2012-2

IRWIN HOME EQUITY LOAN TRUST 2004-1
IRWIN HOME EQUITY LOAN TRUST 2005-1
IRWIN HOME EQUITY LOAN TRUST 2006-1
IRWIN WHOLE LOAN HOME EQUITY TRUST 2003-A
IRWIN WHOLE LOAN HOME EQUITY TRUST 2003-D
IRWIN WHOLE LOAN HOME EQUITY TRUST 2005-B
IRWIN WHOLE LOAN HOME EQUITY TRUST 2005-C

NEWCASTLE 2005-1 ASSET-BACKED NOTE LLC
NEWCASTLE 2006-1 ASSET-BACKED NOTE LLC
NEWCASTLE INVESTMENT TRUST 2010-MH1, ASSET-BACKED NOTES, SERIES 2010-MH1
NEWCASTLE INVESTMENT TRUST 2011-MH1, ASSET-BACKED NOTES, SERIES 2011-MH1

LEHMAN ABS MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE ASSET-BACKED CERTIFICATE TRUST, SERIES 2001-B

LEHMAN ABS MANUFACTURED HOUSING CONTRACT TRUST 2002-A

CITIGROUP MORTGAGE LOAN TRUST INC., MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2009-C

CITIGROUP MORTGAGE LOAN TRUST 2012-A, MORTGAGE-BACKED NOTES, SERIES 2012-A

SASCO MORTGAGE LOAN TRUST 2007- RNP1, MORTGAGE-BACKED NOTES

MERRILL LYNCH MORTGAGE INVESTORS TRUST, SERIES 2010-NP1

GMACM MORTGAGE LOAN TRUST 2010-2, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2010-2

RICE PARK FINANCING WHOLE LOAN GRANTOR TRUST 2012-1
RICE PARK FINANCING WHOLE LOAN PASS-THROUGH TRUST 2012-1

CVI LOAN TRUST I
CVI LOAN GT TRUST I

**U.S. Bank National Association, as Trustee, as successor to First Bank National Association, as Trustee, for:**

MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1992-2
MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1993-1
MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1993-2
MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1993-3
MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1993-4
MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1994-1
MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1994-2
MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1994-3
MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1994-4
MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1994-5
MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1994-6
MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1994-7
MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1994-8
MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1995-1
MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1995-2
MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1995-3
MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1995-4
MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1995-5
MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1995-6
MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1995-7

**U.S. Bank National Association, as Trustee, as successor to Firstar Trust Company, as Trustee, for:**

MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1995-8
MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1995-9
MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1995-10
MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1996-3
MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1996-4
MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1996-5
MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1996-6
MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1996-7
MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1996-8
MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1996-9
MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1996-10
MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1997-1
MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1997-2
MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1997-3
MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1997-4

**U.S. Bank National Association, as Trustee, as successor to Firstar Trust Company, as Trustee, for:** (continued)

    MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1997-5
    MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE PASS-THROUGH CERTIFICATE TRUST 1997-6

**U.S. Bank National Association, as Trustee, as successor to U.S. Bank Trust National Association, as Trustee, for:**

    GREEN TREE RECREATIONAL, EQUIPMENT & CONSUMER TRUST 1998-B
    GREEN TREE RECREATIONAL, EQUIPMENT & CONSUMER TRUST 1998-C

    CONSECO FINANCE HOME LOAN TRUST 1999-G
    CONSECO FINANCE HOME EQUITY LOAN TRUST 2001-C
    CONSECO FINANCE HOME EQUITY LOAN TRUST 2001-D
    CONSECO FINANCE HOME IMPROVEMENT LOAN TRUST 2000-E

    HOME IMPROVEMENT AND HOME EQUITY LOAN TRUST 1998-B

    HOME EQUITY LOAN TRUST 1998-C

    BEAR STEARNS HOME LOAN OWNER TRUST 2001-A

**U.S. Bank National Association, as Trustee, as successor to U.S. Bank Trust National Association, as Trustee, which was successor to First Trust National Association, as Trustee, for:**

    HOME IMPROVEMENT LOAN TRUST 1994-BI
    HOME IMPROVEMENT LOAN TRUST 1994-CI
    HOME IMPROVEMENT LOAN TRUST 1994-D
    HOME IMPROVEMENT LOAN TRUST 1995-A
    HOME IMPROVEMENT LOAN TRUST 1995-C
    HOME IMPROVEMENT LOAN TRUST 1995-D
    HOME IMPROVEMENT LOAN TRUST 1995-E
    HOME IMPROVEMENT LOAN TRUST 1995-F
    HOME IMPROVEMENT LOAN TRUST 1996-A
    HOME IMPROVEMENT LOAN TRUST 1996-B
    HOME IMPROVEMENT AND HOME EQUITY LOAN TRUST 1996-C
    HOME IMPROVEMENT AND HOME EQUITY LOAN TRUST 1996-D
    HOME IMPROVEMENT LOAN TRUST 1996-E
    HOME IMPROVEMENT AND HOME EQUITY LOAN TRUST 1996-F
    HOME IMPROVEMENT AND HOME EQUITY LOAN TRUST 1997-B
    HOME IMPROVEMENT AND HOME EQUITY LOAN TRUST 1997-C
    HOME IMPROVEMENT AND HOME EQUITY LOAN TRUST 1997-D

U.S. Bank National Association, as Trustee, as successor to U.S. Bank Trust National Association, as Trustee, which was successor to First Trust National Association, as Trustee, for: (continued)

    HOME IMPROVEMENT AND HOME EQUITY LOAN TRUST 1997-E

    GREEN TREE RECREATIONAL, EQUIPMENT & CONSUMER TRUST 1996-B
    GREEN TREE RECREATIONAL, EQUIPMENT & CONSUMER TRUST 1996-C
    GREEN TREE RECREATIONAL, EQUIPMENT & CONSUMER TRUST 1996-D
    GREEN TREE RECREATIONAL, EQUIPMENT & CONSUMER TRUST 1997-A
    GREEN TREE RECREATIONAL, EQUIPMENT & CONSUMER TRUST 1997-D

    MANUFACTURED HOME LOAN BACKED SECURITY, SERIES 1992 MH-1

U.S. Bank National Association, as Successor Trustee to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee, for:

    ORIGEN MANUFACTURED HOUSING CONTRACT SENIOR/SUBORDINATE ASSET-BACKED CERTIFICATES, SERIES 2001-A

    HOME EQUITY LOAN TRUST 2007-HSA1

U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee, for:

    MID-STATE TRUST XI
    MID-STATE CAPITAL CORPORATION 2005-1 TRUST

U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee, successor by merger to First Union National Bank, as Trustee, for:

    MID-STATE TRUST VI
    MID-STATE TRUST VII
    MID-STATE TRUST VIII
    MID-STATE TRUST X

U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee, successor by merger to First Union National Bank, as Trustee, formerly known as First Union National Bank of North Carolina, as Trustee, successor by merger to First Union National Bank of Florida, as Trustee, for:

    MID-STATE TRUST II
    MID-STATE TRUST IV

**<u>Addendum to Motion for Relief from Stay</u>**

Documentation provided is in support of right to seek a lift of stay and foreclose if necessary.

NAME OF CREDITOR: U.S. Bank, N.A., as trustee on behalf of Mid-State Trust XI by Ditech Financial LLC, as servicer with delegated authority